UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COREY ALLEN CRAIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01329-JMS-TAB |
| | ) |
| MARK SEVIER Warden, New Castle Correctional Facility, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING AMENDED COMPLAINT AND DISMISSING ACTION**

Corey Craig alleges violations of his civil rights while incarcerated at New Castle Correctional Facility. The Court screened Mr. Craig's complaint pursuant to 28 U.S.C. § 1915A, dismissed it for failure to state a plausible claim for relief, and directed him to file an amended complaint. Because Mr. Craig filed this action while incarcerated, the Court must screen the amended complaint pursuant to 28 U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Craig seeks damages and injunctive relief from three defendants: Officer Hamrick, the Indiana Department of Correction (IDOC), and Warden Mark Sevier. He bases his claims on the following allegations, which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Mr. Craig alleges that, on June 18, 2024, Officer Hamrick prevented him from attending the "Kairos Prayer and Share" activity, where inmates from various religious backgrounds learn about one another's religions. He alleges that Officer Hamrick also lied in a conduct report, which resulted in him losing earned credit time or being demoted in credit-earning class.

## III. Discussion of Claims

Like the original complaint, the amended complaint fails to state a plausible claim for relief. Therefore, the action must be dismissed pursuant to § 1915A.

Any claim for injunctive relief must be dismissed as moot because Mr. Craig is no longer incarcerated at the facility where the violations he alleges took place. *See* dkt. 18 (notice of change of address). "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004).

Any claim for relief from the disciplinary action against him must be pursued in a petition for a writ of habeas corpus, not a lawsuit for injunctive relief or damages. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a

determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The IDOC web site indicates that Mr. Craig was released on parole in October 2024.[1] "To the extent" Mr. Craig "wants to challenge the duration of his parole (a form of custody), a petition for a writ of habeas corpus is the proper vehicle." *Brown v. Brookhart*, 530 F. App'x 592, 593 (7th Cir. 2013) (citing *Preiser*, 411 U.S. at 486 n.6).

Any claim for damages based on the disciplinary action is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck* and *Edwards v. Balisok*, 520 U.S. 641 (1997), a prisoner deprived of good credit time in a disciplinary proceeding cannot bring a suit for damages that would imply the invalidity of the disciplinary conviction and sanctions. Whether the plaintiff asserts that his disciplinary conviction and sanctions are not supported by evidence or that he was denied a procedural protection, he cannot bring a suit for damages or declaratory relief unless "the conviction or sentence has previously been invalidated." *Balisok*, 520 U.S. at 643, 648. Mr. Craig's complaint indicates that he was deprived of credit time or demoted in credit-earning class and does not indicate that those sanctions have been invalidated. *James v. Pfister*, 708 F. App'x 876, 878–79 (7th Cir. 2017) ("*Heck* and *Edwards* define an affirmative defense, . . . and only when the application of an affirmative defense is apparent from the complaint should a district court invoke it at screening under § 1915A.").

Any claim for damages based on the theory that Mr. Craig was wrongly prevented from attending a religious activity on one occasion must be dismissed because those allegations do not support a reasonable inference that Mr. Craig's rights were violated. Prisoners' rights to exercise their religious beliefs are protected by the First Amendment and by the Religious Land Use and

---

[1] IDOC, *Indiana Incarcerated Database Search*, https://offenderlocator.idoc.in.gov/idoc-ofs-1.0.2/ofs?offnum=156913&search2.x=0&search2.y=0 (last visited Apr. 14, 2025).

Institutionalized Persons Act (RLUIPA). Under either provision, a plaintiff must offer facts supporting a reasonable inference that the defendant substantially limited his ability to exercise his sincerely held religious beliefs.[2] And, without more, an allegation that a prison official prevented participation in a religious service on one occasion is not sufficient to allege a substantial burden. *See, e.g.*, *Gregory v. Sevier*, No. 3:18-cv-633-JD-MGG, 2020 WL 638790, at *3 (N.D. Ind. Feb. 11, 2020) (Defendants who "each prevented Gregory from bringing his bible to the chapel on only a single occasion . . . did not impose a substantial burden on Gregory's religious beliefs."); *Hampton v. Chaplin*, No. 1:16-cv-00854-TWP-MPB, 2016 WL 2595187, at *1 (S.D. Ind. May 4, 2016) ("But the inability to participate in a religious service on one occasion is insufficient to establish a constitutional violation."); *Powers v. Scott*, No. 14-cv-3201, 2014 WL 3907772, at *2 (C.D. Ill. Aug. 11, 2014) ("The fact that she abruptly ended one religious service on one occasion does not rise to the level of a constitutional violation."); *Wing v. Braye*, No. CIV. 10-510-GPM, 2010 WL 5169558, at *2 (S.D. Ill. Dec. 14, 2010) ("Here Wing contends that on one occasion he was ordered to leave the chapel at FCI Greenville, apparently at a time when no church services were going on. This is, to say the least, a de minimis burden on Wing's right of Free Exercise.").

Any claim for damages against the IDOC is barred by the Eleventh Amendment and doctrine of sovereign immunity. *Nuñez v. Indiana Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016) (Eleventh Amendment immunity); *see also Sossamon v. Texas*, 563 U.S. 277, 293 (2011) (sovereign immunity from RLUIPA claims for damages).

---

[2] *See, e.g.*, *West v. Radtke*, 48 F.4th 836, 844 (7th Cir. 2022) ("A plaintiff raising a RLUIPA claim bears the initial burden to make a prima facie case that a prison practice substantially burdens his sincere religious exercise."); *Larry v. Goldsmith*, 799 F. App'x 413, 414–15 (7th Cir. 2020) ("Prison officials may not substantially interfere with an inmate's ability to practice his religion unless the restriction reasonably relates to a legitimate penological interest." (citing *Turner v. Safley*, 482 U.S. 78, 87 (1987)).

Finally, any claim for damages against Warden Sevier fails because the amended complaint asserts no allegations against him. "Liability under [42 U.S.C.] § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). The amended complaint does not support a reasonable inference that Warden Sevier was personally involved in or responsible for the disciplinary proceeding against Mr. Craig or for preventing him from attending the prayer and share service.

### IV. Conclusion

This action is **dismissed** pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a claim upon which relief may be granted. Claims based on the disciplinary action are **dismissed without prejudice** to their pursuit once the disciplinary action has been resolved in Mr. Craig's favor in a habeas corpus action or through the prison's administrative process. All other claims are **dismissed with prejudice**. The **clerk is directed** to enter **final judgment**.

IT IS SO ORDERED.

Date: 4/28/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

COREY ALLEN CRAIG
3104 East Lynn Apt #5
Anderson, IN 46013